UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ELIZABETH M. ISON, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:21-cv-00277 |
| STENGER & STENGER, P.C. and LVNV FUNDING, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT**

**NOW COMES** ELIZABETH M. ISON ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of STENGER & STENGER, P.C. ("Stenger"), and LVNV FUNDING, LLC ("LVNV") (collectively, "Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action against Defendants pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 for Defendants' unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant Stenger resides in this district.

## PARTIES

4. Plaintiff is a consumer over 18 years-of-age.

5. Stenger advertises that it "has distinguished itself in the Collections field."[1] Stenger is a professional corporation organized under the laws of the State of Michigan and its principal place of business is located at 2618 East Paris Ave SE, Grand Rapids, Michigan 49546.

6. LVNV is a Delaware corporation headquartered in Nevada that is in the business of collecting or attempting to collect defaulted debts owed or asserted to be owed or due to others in multiple states.

7. LVNV is Stenger's principal. Consequently, LVNV is liable for Stenger's actions as it exercises control over Stenger's conduct. *See Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173 (9th Cir. 2006).

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

9. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

## FACTS SUPPORTING CAUSES OF ACTION

10. The instant action stems from Defendants' attempts to collect upon a defaulted personal credit card debt ("subject debt") that Plaintiff purportedly owed to Credit One Bank, N.A.

11. Plaintiff incurred the subject debt in order to purchase personal household goods and/or services.

---

[1] https://www.stengerlaw.com/practice-areas/collections/

12. After the subject debt went into default, LVNV purchased the subject debt and placed it with Stenger for collection.

13. As part of its collection campaign, Stenger filed a lawsuit on behalf of LVNV and against Plaintiff in order to collect upon the subject debt.

14. Subsequently, Defendants obtained a judgement against Plaintiff.

15. Stenger then sent a citation to Plaintiff's employer in order to garnish Plaintiff's paychecks to satisfy the aforementioned judgment. Consequently, Stenger began garnishing Plaintiff's paychecks.

16. Plaintiff contacted Stenger shortly after having her paycheck garnished. During this call, Stenger's representative stated that she owed under $200 and once the final payment was received, the garnishments would stop without further action from Plaintiff. Plaintiff requested validation of the subject debt; however, her request was ignored.

17. Despite these assurances, Stenger continued to garnish Plaintiff's account after the full judgment amount was satisfied. Stenger garnished Plaintiff's wages no less than three times after the judgment was fully satisfied, in an amount of approximately $1,100.00.

18. Thereafter, Plaintiff contacted Stenger in an attempt to receive a refund of the money garnished in excess of the judgment. To this date, Stenger has not refunded at least $150 of excess garnishment. Moreover, on this call, Defendant's representative admitted that Stenger had never sent Plaintiff a validation notice.

19. Frustrated over Defendants' conduct, Plaintiff spoke with Sulaiman regarding her rights.

20. Plaintiff has suffered concrete harm due to Defendants' conduct, including but not limited to, aggravation, invasion of privacy, emotional distress, monetary damages, and expenditure of resources as a result of Defendants' deceptive and unfair collection campaign.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(AGAINST DEFENDANTS)

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendants are "debt collector[s]" as defined by §1692a(6) of the FDCPA, because they regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendants are engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is a primary purpose of their business.

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of the FDCPA § 1692e**

26. Defendants violated §§1692e, e(4), e(5), and e(10) when it garnished Plaintiff's paycheck after satisfying the judgment. Defendants' conduct resulted in the unlawful seizure of Plaintiff's property, although such conduct was not lawful. It was false, deceptive, and misleading for Defendant to make this withdrawal as it was entirely without authorization.

27. Moreover, Defendant violated §§1692e and e(10) when it falsely and deceptively garnished funds from Plaintiff's paycheck without authorization. Because Defendant had no authorization, Defendant's representation to the contrary was inherently false, deceptive, and misleading.

   b. **Violations of FDCPA § 1692f**

28. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

29. Defendants violated 15 U.S.C. §1692f when they unfairly collected upon the subject debt. Any reasonable fact finder will conclude that Defendants' actions were unfair as they caused unnecessary financial hardship upon Plaintiff even after she satisfied the judgment. Defendants' willful inaction frustrated Plaintiff's purpose in entering into the settlement agreement.

    c. **Violations of FDCPA § 1692g**

30. Defendants violated §1692g through its initial communication by failing to properly inform Plaintiff as to Plaintiff's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer. Despite the foregoing, Defendants failed to adequately send Plaintiff her right to dispute the validity of the subject debt within five days of the initial communication.

**WHEREFORE**, Plaintiff, ELIZABETH M. ISON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendants from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: March 29, 2021                                Respectfully submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 South Highland Avenue
Suite 200
Lombard, Il 60148
Telephone: (331) 307-7646
ataylor@sulaimanlaw.com
